UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANA LIMITED,

       Plaintiff,

v.

AMERICAN AXLE & MANUFACTURING
HOLDINGS, INC, et al.,

       Defendants.

Case No. 1:10 cv 450

Honorable Robert Holmes Bell

## ORDER

    This is a civil action brought under federal and state law for alleged misappropriation of trade secrets. Plaintiff alleges that American Axle Manufacturing Holdings, Inc. ("AAM") orchestrated a mass solicitation of Dana Limited employees from its Advanced Engineering Group for Commercial Vehicles. Plaintiff asserts that two of those employees, Gary Turner and Jacob Adleman, in connection with their departure systematically removed critical proprietary electronic documents and hard-copy data, and then subsequently deleted volumes of electronically-stored information. District Judge Robert Holmes Bell has entered an stipulated preliminary injunction to preserve the status quo, and the case is now in the discovery stage.

    Because of the nature of plaintiff's allegations, electronically stored evidence is central to this case. In particular, the AAM computers used by Adleman, Turner and other AAM employees are the subject of scrutiny, as they may contain evidence tending to establish or refute plaintiff's claims of misappropriation of electronically stored proprietary information. To assist in the evaluation of

this evidence, AAM retained a forensic expert, Erich Speckin of Speckin Forensic Laboratories, to inspect the original hard drives of the computers used by three AAM employees. In May 20110, AAM mailed these hard drives to Speckin Laboratories at its Okemos, Michigan, office, and the drives were forwarded to Speckin's Florida office for purposes of forensic examination. Between then and now, the hard drives apparently went missing. AAM began a separate investigation concerning the fate of the hard drives, ultimately concluding that Speckin was being less than cooperative in the investigation. This led AAM to take the unusual step of issuing subpoenas to its own expert witness and its employees. On August 18, 2010, AAM's attorneys caused four subpoenas *duces tecum* to be issued by the United States District Court for the Southern District of Florida. The subpoenas scheduled the depositions of AAM's named forensic expert, Erich Speckin, Brittany McDonald, and the corporate entities Speckin Forensic Laboratories and Speckin Forensics LLC. The depositions were scheduled for August 27, 2010, at an attorney's office in Ft. Lauderdale, Florida. The deponents were served on August 18 and 19.

On August 24, 2010, three days before the depositions, attorneys for the deponents filed in this courts a motion to quash or modify the subpoenas pursuant to FED. R. CIV. P. 45(c)(3). The essence of the motion is that the thirteen-day notice given by AAM was unreasonably short and that Erich Speckin is unavailable on August 27, because he will be in Alaska. The motion recites unsuccessful efforts to resolve the situation short of court intervention. In light of the impending depositions, the motion sought expedited consideration. AAM promptly filed a responsive brief. Judge Bell has referred the motion to me for decision under FED. R. CIV. P. 72(a).

Immediately after review of the motion, the court attempted to contact counsel for the moving parties to arrange a telephone hearing with all attorneys and thereby obviate the need for expensive

motion practice. It appears that immediately after filing an "emergency" motion and seeking expedited consideration, both of the attorneys for the moving party left the state on other business. It ill-behooves an attorney to ask the court to drop everything to attend an eleventh-hour request for relief and then leave town. In the circumstances, counsel for the moving parties should have made arrangements to have this matter covered by other attorneys in the firm. The court will therefore address the motion without a hearing.

The motion to modify or quash the subpoenas was filed in the wrong court. Rule 45(c)(3), which is the only legal authority cited by the moving parties, clearly invests the *issuing court* with the power to quash or modify a subpoena. In this case, the subpoenas were issued by United States District Court for the Southern District of Florida, which is the appropriate court to compel attendance at a deposition in Ft. Lauderdale. The power to quash or modify those subpoenas lies in the issuing court, not this court. *See United States ex rel. Pogue v. Diabetes Treatment Centers of Am., Inc.* 443 F. 3d 462, 469 (6th. Cir 2006); *accord In re Sealed Case,* 141 F. 3d 337 (D.C. Cir 1998). This court would exceed its authority if it attempted to interfere with the process of a another District Court.

On a purely practical level, the controversy would seem moot, in that AAM's response discloses its willingness to adjourn the depositions to an agreeable date after September 13, 2010, when Mr. Speckin will return to Florida. Although AAM has referred to plaintiff's threat of sanctions for non-production of the hard drives as a reason for this court to adjourn the depositions by order, the two issues are unrelated. This court will take up the matter of sanctions if, as and when a party files a proper motion seeking such relief, and only after all parties have been heard. An emergency motion is an inappropriate vehicle to decide whether any party was culpable in the loss

of evidence. Furthermore, the fact that plaintiff and defendants are engaged in a dispute concerning the appropriate protocol for handling inspection of hard drives frames a distinct issue, which the court will address when the question is properly before it. In any event, as stated above, the subpoenas issued in Florida are simply beyond this court's authority to control. Accordingly:

IT IS ORDERED that the motion to quash or modify subpoenas (docket # 39) be and hereby is DENIED.


Dated:  August 26, 2010          /s/  Joseph G. Scoville
                                 United States Magistrate Judge