UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANA LIMITED, an Ohio limited
liability company,

      Plaintiff,

v.

AMERICAN AXLE & MANUFACTURING
HOLDINGS, INC., a Delaware corporation,
et al.,

      Defendants.
      _____/

File No. 1:10-CV-450

HON. ROBERT HOLMES BELL

# **O P I N I O N**

Defendants American Axle & Manufacturing Holdings, Inc. and American Axle & Manufacturing, Inc. (collectively referred to as "AAM") have filed a motion to clarify paragraph 2 of the agreed preliminary injunction order. (Dkt. No. 55.) For the reasons stated herein, the motion will be granted.

## **I.**

On June 6, 2010, this Court entered the parties' agreed preliminary injunction order ("Agreed Order"). (Dkt. No. 24.) The Agreed Order provides in pertinent part that AAM shall:

> preserve, without alteration, all computers, disks and electronic storage devices in Defendants' custody or control that may contain any confidential or proprietary information or trade secrets of Dana . . . .

(Dkt. No. 24.) AAM contends that after consulting with its Information Technology Department, it has gained a greater appreciation of the difficulty of complying with the Agreed Order because it appears to cover not only computer hard drives assigned to a particular employee during the relevant time period, but to the entire AAM computer network for an unlimited time period. AAM contends that such a broad order is cost prohibitive, and broader than necessary to protect Plaintiff's interests in this case.

AAM proposes that the Court clarify paragraph 2 of the Agreed Order, as it pertains to AAM, by modifying the language of the order as follows:

> IT IS HEREBY ORDERED that Defendants American Axle & Manufacturing Holdings, Inc. and American Axle & Manufacturing, Inc., as well as their officers, agents, servants, employees, employers, and all entities receiving notice of this Order are:
>
> * * *
>
> (2) ORDERED to preserve, without alteration, (a) the images of the hard drives of the computers AAM assigned to Jacob Adleman, Gary Turner, and Leo Wenstrup as of May 12, 2010; (b) the month-end backup tapes of the AAM computer network for the AAM World Headquarters and Three Rivers facilities during the months of February 2010 through May 2010 for one year after those tapes were created; (c) the e-mailboxes of Jacob Adleman, Gary Turner, and Leo Wenstrup as they existed on May 12, 2010; and (d) all other disks and electronic storage devices in AAM's custody or control known to be used by Jacob Adleman, Gary Turner, or Leo Wenstrup that may contain any confidential or proprietary information or trade secrets of Dana.

AAM contends that this proposed clarification maintains the spirit of the Agreed Order yet makes compliance attainable.

Plaintiff has not responded to AAM's motion, and the time for doing so has expired. AAM's motion is now ripe for adjudication. Upon review, the Court finds that AAM's proposed revisions are appropriate. AAM's motion for clarification will accordingly be granted.

An order consistent with this opinion will be entered.


Dated: December 22, 2010                    /s/ Robert Holmes Bell
                                            ROBERT HOLMES BELL
                                            UNITED STATES DISTRICT JUDGE