UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANA LIMITED, an Ohio limited liability company,

        Plaintiff,

v.

AMERICAN AXLE AND MANUFACTURING HOLDINGS, INC., a Delaware corporation, AMERICAN AXLE AND MANUFACTURING, INC., a Delaware corporation, GARY TURNER, JACOB ADLEMAN, and LEO WENSTRUP,

        Defendants.
_____/

File No.  1:10-CV-450

HON. ROBERT HOLMES BELL

## **O P I N I O N**

This matter comes before the Court on motions filed by Defendants Gary Turner, Jacob Adleman, and Leo Wenstrup (the "Individual Defendants") (Dkt. No. 78) and by Defendants American Axle and Manufacturing Holdings, Inc. and American Axle and Manufacturing, Inc. (jointly referred to as "American Axle") (Dkt. No. 80) for judgment on the pleadings.  Defendants contend that Counts VI and VII of Plaintiff's first amended complaint (Dkt. No. 73), alleging breach of fiduciary duty and unfair competition, are based solely on misappropriation of trade secrets, and are accordingly displaced by § 1908 of the Michigan Uniform Trade Secrets Act ("MUTSA"), Mich. Comp. Laws § 445.1901, *et seq*. Plaintiff Dana Limited ("Dana") opposes the motions.  For the reasons that follow, the motions will be denied.

**I.**

In reviewing a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c), "all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *Poplar Creek Dev. Co. v. Chesapeake Appalachia, L.L.C.*, 636 F.3d 235, 240 (6th Cir. 2011) (quoting *Tucker v. Middleburg-Legacy Place*, 539 F.3d 545, 549 (6th Cir. 2008)).  Motions for judgment on the pleadings pursuant to Rule 12(c) are analyzed under the same standard as motions to dismiss pursuant to Rule 12(b)(6).  *Albrecht v. Treon*, 617 F.3d 890, 893 (6th Cir. 2010).  Accordingly, the Court must construe the complaint in the light most favorable to Plaintiff, accept all well-pled factual allegations as true, and determine whether the complaint states a plausible claim for relief. *Id.*  The court "need not accept as true legal conclusions or unwarranted factual inferences." *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007) (quoting *Mixon v. Ohio*, 193 F.3d 389, 400 (6th Cir.1999)).  The factual allegations in the complaint must be sufficient to give notice to the defendant as to what claims are alleged, and the plaintiff must plead "sufficient factual matter" to render the legal claim plausible, i.e., more than merely possible. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949-50 (2009).

**II.**

Dana and American Axle compete in the automotive manufacturing marketplace.  In the first four months of 2010, Individual Defendants Wenstrup, Turner and Adleman, who

had been Dana employees, accepted positions at American Axle. On May 11, 2010, Dana filed this action against American Axle and the Individual Defendants. Count V of Dana's first amended complaint is claim for misappropriation of trade secrets in violation of Michigan's Uniform Trade Secrets Act ("MUTSA"), Mich. Comp. Laws § 445.1903, *et seq.* (Dkt. No. 73, Am. Compl.) Count VI alleges breach of fiduciary duty against the Individual Defendants, and Count VII alleges threatened or actual common law unfair competition against the Individual Defendants and American Axle. (*Id.*) Defendants contend that they are entitled to judgment on Counts VI and VII of Plaintiff's first amended complaint because they fail to state a claim on which relief may be granted.

MUTSA provides a statutory cause of action and remedies for the misappropriation of trade secrets. M.C.L. § 445.1903, 1904. MUTSA explicitly "displaces conflicting tort, restitutionary, and other law of this state providing civil remedies for misappropriation of a trade secret." Mich. Comp. Laws § 455.1908(1)(a). However, the Act does not displace "[o]ther civil remedies that are not based upon misappropriation of a trade secret." Mich. Comp. Laws § 455.1908(2)(b). In determining whether a claim is displaced by MUTSA, courts examine "whether the claim is based solely upon the misappropriation of a trade secret. If so, the claim must be dismissed." *Bliss Clearing Niagara, Inc. v. Midwest Brake Bond Co.*, 270 F. Supp. 2d 943, 946 (W.D. Mich. 2003) (Quist, J.); *see also Wysong Corp. v. M.I. Industries*, 412 F. Supp. 2d 612, 623 (E.D. Mich. 2005) ("The MUTSA displaces claims that are 'based solely upon the misappropriation of a trade secret.") (quoting *Bliss*, 270 F. Supp. 2d at 946).

**A.  Count VI:  Breach of Fiduciary Duty**

Count VI of Plaintiff's Amended Complaint, entitled "Breach of Fiduciary Duty," is alleged against Defendants Wenstrup, Turner and Adleman.  The operative paragraphs of Count VI provide:

> 152.  Wenstrup, Turner's and Adleman's fiduciary duty included (but was not limited to) the duty to guard and not misuse confidential and trade secret information of Dana.
>
> 153.  Wenstrup, Turner and Adleman breached their fiduciary duties to Dana by, among other things:  (1) failing to protect the interests of Dana; (2) misusing Dana's confidential information; (3) removing Dana's proprietary information and (4) failing to inform Dana that its information had been removed from Dana.

(Am. Compl. ¶¶  152-53.)

The Individual Defendants contend that Count VI is a common law tort claim "based solely upon the misappropriation of a trade secret," and, as such,  must be dismissed because this claim has been statutorily displaced by MUTSA.

There can be no dispute that the main focus of Count VI is on the misappropriation of confidential and trade secret information.  MUTSA broadly defines "trade secret" as information that "derives independent economic value . . . from not being generally known" and is "the subject of efforts . . . to maintain its secrecy."  Mich. Comp. Laws § 445.1902(d). This definition encompasses the misuse of confidential information alleged in Count VI.  To the extent Court VI is based on the misuse of confidential and trade secret information, the claim is barred by MUTSA.

However, the breach of fiduciary duty in Count VI is not based solely on misappropriation of trade secretes. Count VI also alleges that:

> 151. As high level employees at Dana, Wenstrup, Turner and Adleman had a duty to act in good faith and solely for the benefit of Dana in all matters within the scope of his employment.

(Am. Compl. ¶ 151.) Although paragraph 151 contains a legal conclusion without factual content, Count VI realleges the preceding paragraphs, which include allegations that the Individual Defendants removed[1] and deleted files while they were still Dana employees. (*See, e.g.*, Am. Compl. ¶¶ 1, 9, 80, 82, 91, 92, 96, 102, 103, 105-11.) Dana has further alleged that a large portion of the deleted data is either not recoverable, or can only be recovered at great cost. (Am. Compl. ¶ 103.)

The Individual Defendants do not address the allegations regarding the deletion of files. Construing these allegations in the light most favorable to Plaintiff, it appears that Plaintiff has alleged a claim for breach of fiduciary duty claim that is separate and distinct from the misappropriation claim. *See Wysong Corp. v. M.I. Indus.*, 412 F. Supp. 2d 612, 623-24 (E.D. Mich. 2005) (holding that MUTSA did not displace breach of fiduciary duty claim that was not based on misappropriation of secret information, but on allegations that the defendant was secretly working to create a competing product line while employed by

---

[1] Because Plaintiff has specifically alleged that the Individual Defendants deleted information from Plaintiff's computers, it is not necessary to determine, at this time, whether Plaintiff uses the term "removed" to mean that information was copied and transported to another computer, or whether Plaintiff also means that the information was deleted from Plaintiff's computers.

the plaintiff). Accordingly, the Court will deny the Individual Defendants' motion to dismiss Count VI.

**B. Count VII: Threatened or Actual Common Law Unfair Competition**

Count VII of Plaintiff's Amended Complaint, entitled "Threatened or Actual Common Law Unfair Competition," is alleged against all Defendants. Count VII incorporates by reference the preceding paragraphs, and provides:

> 157. Wenstrup, Turner, Adleman and AAM wilfully undertook the foregoing acts to gain an unfair competitive advantage over Dana, with knowledge of and disregard for Dana's rights, and with the intention of causing harm to Dana and benefiting each of themselves.
>
> 158. Wenstrup, Turner, Adleman and AAM are unfairly competing in the marketplace.

(Am. Compl. ¶¶ 157-58.)

Defendants contend that Plaintiff's common law unfair competition claim is based solely on misappropriation of trade secrets and is therefore displaced by MUTSA. Plaintiff disagrees. Plaintiff notes that Count VII incorporates allegations that Defendants: (1) targeted and solicited current Dana employees (Am. Compl. ¶¶ 8, 74, 77); (2) deleted electronic files and computerized tracking information which put Dana at a competitive disadvantage (Am. Compl. ¶¶ 1, 9, 102, 103-11); and (3) took information that might not constitute a trade secret but that nonetheless could be used to a competitive advantage. Plaintiff contends that these allegations are sufficient to state a valid unfair competition claim that is independent of the misappropriation of trade secrets.

The common-law cause of action for unfair competition prohibits a party from engaging in unfair and unethical trade practices that are harmful to his or her competitors or to the general public. *Dura Global Techs., Inc. v. Magna Donnelly Corp.*, 2009 WL 3032594, at *4 (E.D. Mich. 2009) (citing *A & M Records, Inc. v. MVC Distrib. Corp.*, 574 F.2d 312, 313 (6th Cir. 1978); *Clairol, Inc. v. Boston Discount Ctr. of Berkley, Inc.*, 608 F.2d 1114, 1118 (6th Cir. 1979)). MUTSA does not displace a common law unfair competition claim where the plaintiff alleges misconduct which could be deemed unethical or unfair irrespective of whether trade secrets are involved. *See Dura Global,* 2009 WL 3032594 at *4-5 (holding that allegations that the defendant encouraged the plaintiff's employees to leave so that the plaintiff's ability to compete for contracts would be unfairly undermined was sufficient to state a claim for unfair competition that was not solely based on misappropriation of a trade secret); *Kovesdy v. Kovesdy*, No. C 10-020212, 2010 WL 3619826, at *3 (N.D. Cal. Sept. 13 2010) (holding that UTSA did not preempt the plaintiff's unfair competition claim where the plaintiff alleged that defendants unfairly solicited and misled its clients); *Bliss*, 270 F. Supp. 2d at 950 (holding that, to the extent the unfair competition claim was based on allegations that the defendant marketed its replica product using the plaintiff's trademark and name that were independent of the misappropriation claim, the allegations would not be displaced by MUTSA); *Wysong*, 412 F. Supp. 2d at 623 (holding that palming-off claim survived because it was based on an allegation that the defendants were selling confusingly similar products and not on the misappropriation of secret information).

To the extent Plaintiff's unfair competition claim is based on allegations that Defendants took information that may not constitute a trade secret, but that nonetheless could be used to their competitive advantage, the Court concludes that these allegations are displaced by MUTSA. As noted in *Bliss*, "the disputed status of information as a trade secret does not preclude a court from determining whether a claim or claims are displaced by the MUTSA." 270 F. Supp. 2d at 948-49.

However, to the extent Plaintiff has alleged that Defendants unfairly solicited their clients and unfairly deleted information which put Plaintiff at a competitive disadvantage, the Court finds that the allegations survive Defendants' motions for judgment on the pleadings. While Defendants correctly point out that Plaintiff's allegations do not necessarily describe wrongful conduct beyond hiring the employees in an effort to get Plaintiff's trade secrets, Plaintiff's allegations, construed in the light most favorable to Plaintiff, are broad enough to to support an unfair competition claim against Defendants that is independent of Plaintiff's MUTSA claim. Of course, this ruling does not prohibit Defendants from moving for summary judgment if they determine that Plaintiff lacks sufficient evidence to support these claims based on conduct independent of Plaintiff's MUTSA claim.

For the foregoing reasons, Defendants' motions for judgment on the pleadings will be denied. An order consistent with this opinion will be entered.

Dated: October 17, 2011                     /s/ Robert Holmes Bell
                                                         ROBERT HOLMES BELL
                                                         UNITED STATES DISTRICT JUDGE