UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANA LIMITED, an Ohio limited
liability company,

       Plaintiff,

v.

       File No. 1:10-CV-450

       HON. ROBERT HOLMES BELL

AMERICAN AXLE AND
MANUFACTURING HOLDINGS, INC.,
et al.,

       Defendants.
                                    /

## OPINION

Prior to trial the parties filed six motions in limine. (Dkt. Nos. 306, 311, 313, 315, 317, 322.) American Axle has now withdrawn two of its motions in limine (Dkt. Nos. 313, 315) regarding the alleged failure to search computer network drives and evidence of lost hard drives (Dkt. No. 352), and the parties have stipulated that their motions to exclude expert witnesses Thomas Frazee and Bruce Knapp (Dkt. Nos. 311, 322) may be held in abeyance until these witnesses are presented at trial (Dkt. No. 353, Stip.). The motions remaining for this Court's consideration are American Axle's motion to limit testimony regarding trade secrets, confidential and proprietary information, and expert testimony (Dkt. No. 306), and Dana's combined motion 1-3 to exclude documents, witnesses, and evidence that were not produced during discovery (Dkt. No. 317). Also before the Court is

Defendants' objection to and appeal of Magistrate Judge Scoville's ruling excluding exhibits (Dkt. No. 327). (Dkt. No. 347, Obj. and Appeal).

The pending motions and the appeal concern the scope of the trade secrets at issue in this case, and the evidence that may be used to defend against Plaintiff's trade secrets claim. American Axle contends that Dana should be limited at trial to the 15 trade secrets identified and discussed by Dana's expert, Herbert Larsen. Dana asserts that it should not be limited because it had no obligation to identify its trade secrets.

Under Michigan law, a plaintiff alleging misappropriation of trade secrets is required to identify the trade secrets at issue "clearly, unambiguously, and with specificity." *Utilase, Inc. v. Williamson*, Nos. 98-1233, 98-1320, 1999 WL 717969, at *6 (6th Cir. Sept. 10, 1999) (quoting *Shatterproof Glass Corp. v. Guardian Glass Co.*, 322 F. Supp. 854, 867 (E.D. Mich. 1970)); *see also Compuware Corp. v. IBM*, No. 02-CV-70906, 2003 WL 23212863, at *6 (E.D. Mich. Dec. 19, 2003) ("A party alleging trade secret misappropriation must particularize and identify the purportedly misappropriated trade secrets with specificity."). However, this degree of particularity is not required at the pleading stage. It can occur during discovery. *See Ajuba Int'l LLC v. Saharia*, 871 F. Supp. 2d 671, 690-91 (E.D. Mich. 2012) (denying motion to dismiss trade secrets claim for lack of sufficient particularity); *Interactive Solutions Group, Inc. v. Autozone Parts, Inc.*, No. 11-13182, 2012 WL 1288173, at *2-3 (E.D. Mich. Apr. 16, 2012) (denying motion to dismiss trade secrets claim for insufficient specificity). As long as the complaint gives adequate notice of the cause of

action, "[a]ny further specificity desired by [the defendant] can be achieved through discovery." *Compuware Corp. v. IBM*, 259 F. Supp. 2d 597, 605 (E.D. Mich. 2002).

In its amended complaint filed on April 7, 2011, Dana identified 25 categories of information that it alleged were the trade secrets and confidential information at issue. (Dkt. No. 73, Am. Compl. ¶ 139(a)-(y).) Contrary to Dana's assertions, Dana is under an obligation to identify the trade secrets at issue with further specificity. The question is when and how that identification must be made. In the absence of a case management or other court order requiring disclosure by a date certain, the Court believes that Plaintiff is under an obligation to identify the trade secrets at issue in response to discovery requests and sufficiently in advance of trial to enable Defendants to prepare a defense. The close of discovery was March 1, 2012. (Dkt. No. 119, Third Am. Case Mgmt. Order.) Because the amended complaint was filed well before the close of discovery, Defendants had ample opportunity to obtain further refinement of the issues.

During discovery, Plaintiff's expert, Herbert Larsen, identified and discussed 15 alleged trade secrets. Because Larsen has not supplemented his expert report to identify additional trade secrets, Defendants contend that trial should be limited to these 15 alleged trade secrets. The Court disagrees. Larsen was engaged by Dana to apply his expertise in the field of drive train engineering to provide an opinion on how American Axle used documents and information belonging to Dana. (Dkt. No. 330, Ex. L, Larsen Rpt. 1.) Larsen testified at his deposition that he was hired to discuss how certain documents could have

3

been used by American Axle, not to discuss whether the documents were trade secrets. (Dkt. No. 330, Ex. K, Larsen Dep. 49-50.) Dana provided Larsen with documents to review, and did not rely on Larsen's expertise to select the documents that might be considered trade secrets. Although Larsen's testimony at trial will be limited to those expressed in his expert report, his discussion of the 15 alleged trade secrets does not preclude Dana from introducing evidence of additional trade secrets.

Defendants also contend that the trial should be limited to the 15 alleged trade secrets because Mark Davis, Plaintiff's 30(b)(6) witness, refused to identify the trade secrets at issue and only identified as confidential the same 15 documents considered by Larsen.

A review of Davis's testimony reveals that while he declined to characterize specific documents as trade secrets, he readily identified them as confidential and proprietary. (Dkt. No. 328, Ex. B, Davis Dep. 168, 191, 210, 307, 312-13, 315.) And although Defendants questioned Davis about the documents identified in Larsen's report, it does not appear that Defendants ever requested Davis to identify whether Dana intended to rely on any additional documents in support of its trade secrets claim. Neither did Defendants serve an interrogatory requesting Dana to identify the trade secrets at issue. In sum, it does not appear that Plaintiff has refused to identify what is at issue during discovery. Moreover, it does not appear that Plaintiff is relying on any documents that were not disclosed during discovery. In response to Defendants' motion for summary judgment, Dana produced an itemized list of trade secrets with corresponding exhibits. (Dkt. No. 245, Pl.'s Resp. 15-19.) Dana has

4

now produced an amended proposed pretrial order in which it has listed the alleged trade secrets by category and corresponding exhibit number. (Dkt. No. 355.) Under the circumstances, the Court is satisfied that Dana may introduce the trade secrets identified in its proposed pretrial order.

Defendants contend that because they did not learn the scope of Dana's trade secrets claim until after discovery was concluded and they received Dana's response to their motion for summary judgment, they did not make necessary disclosures during discovery because they did not appreciate what evidence would be relevant. Defendants accordingly contend that if Dana is permitted to introduce evidence of more than the 15 alleged trade secrets, Defendants should be allowed to introduce evidence to defend against the additional claims that were not identified during discovery.

The Magistrate Judge has made it clear during the course of this case that the parties would be limited to presenting evidence disclosed during discovery. Through Plaintiff's amended complaint, Defendants were aware of the broad scope of Plaintiff's trade secrets claim. Defendants did not use discovery to ascertain the precise scope of that claim. Defendants had access to all of the Dana documents that had been removed by the individual Defendants, and could have determined, even on their own, what items were arguably trade secrets. Moreover, Defendants were aware as of June 29, 2012, that this Court was likely to allow Dana to use more than 15 documents for purposes of its trade secrets claim, yet Defendants did not move for further discovery or for reconsideration. Defendants did not

alert the Court to this issue until the eve of trial. It appears to the Court that Defendants' decision not to ascertain the precise scope of Plaintiff's claim and to limit their disclosure of documents they would use in their own defense was a strategic decision, and that Defendants should not now be heard to complain that they lacked notice of the scope of Plaintiff's trade secrets claim.

On February 4, 2013, Magistrate Judge Scoville issued an order excluding from evidence at trial over 4,000 documents disclosed by American Axle well after the close of discovery, except for purposes of impeachment. (Dkt. No. 327.) Defendants have filed objections and an appeal from that order. (Dkt. No. 347.) Defendants contend that the Magistrate Judge decided the matter incorrectly because he was unaware of all of the issues raised by the parties' motions in limine. For the reasons stated above, the Court is satisfied that the Magistrate Judge decided the matter correctly. Defendants have not shown that their failure to disclose the evidence that they plan to use to defend was substantially justified or harmless. *See* Fed. R. Civ. P. 37(c)(1). The Court will accordingly affirm the Magistrate Judge's order. The Court will, however, correct the order to read that Bates numbers 482360-486407, rather than Bates numbers 48360-486407 as noted in the order, are excluded from use at trial, except for impeachment purposes.

Plaintiff has filed a cross-motion for an order excluding argument, testimony, and evidence regarding Defendants' independent development of axles and axle products because Defendants have failed to produce documents supporting this defense. Defendants' reliance on the defense of independent development was not unknown to Plaintiff, and Defendants

6

contend that much of their evidence of independent development is found in their document production in response to Dana's Fourth Request for Production of Documents. The Court will not preclude Defendants from arguing independent development to the extent they can do so without bringing in evidence that was not disclosed during discovery.

Plaintiff has also moved to bar evidence and testimony of former Dana employees William Ecklund, Robert Gerlach, Damir Yaksic, and Dick Lord, because they were not disclosed during discovery, and Plaintiff had no opportunity to depose them, investigate the scope of their knowledge, or review any documents they might possess. In response, Defendants have advised that they do not intend to call Dick Lord, and that they will only call William Ecklund and Damir Yaksic if necessary for impeachment. With respect to Robert Gerlach, Defendants note that Dana acknowledged in a footnote that Gerlach was disclosed on February 23, 2012, within the discovery period. Dana simply argues that he was not disclosed in time to depose him. The Court will permit Defendants to call Robert Gerlach in their case in chief, and to call William Ecklund and Damir Yaksic for impeachment purposes.

To the extent Defendants contend that Dana should not be permitted to offer evidence on damages beyond that disclosed in Mr. Frazee's report and testimony provided before the close of discovery, the Court will address this issue at trial in conjunction with Defendants' motion to exclude the testimony of Mr. Frazee.

An order consistent with this opinion will be entered.

Dated: <u>February 19, 2013</u>            /s/ Robert Holmes Bell
                                            ROBERT HOLMES BELL
                                            UNITED STATES DISTRICT JUDGE